United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. 19-20777-CR-Scola |
| | ) |
| Brayner Geronimo Zorilla, | ) |
| Defendant. | ) |

**Order Denying Motion for Sentence Reduction**

This matter is before the Court on the Defendant Brayner Geronimo Zorilla's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 289.) The Government has responded (ECF No. 295), and the time for the Defendant to file a reply has elapsed. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** the Defendant's motion for reduction of sentence. (**Mot., ECF No. 289**.)

1. **Background**

On September 29, 2023, the Defendant Brayner Geronimo Zorilla was sentenced to a term of imprisonment of 100 months after pleading guilty to conspiracy to distribute five kilograms or more of cocaine knowing that it would be imported into the United States in violation of 21 U.S.C. § 963. (ECF Nos. 151, 152, 228, 235.) The Sentencing Guidelines range was 235 to 293 months of imprisonment based on an offense level of 38 and criminal history category I, including an upward adjustment for Zorilla's role as manager or supervisor.

Since Zorilla's sentencing, a sentencing adjustment has come into effect for certain zero-point offenders ("Amendment 821"), which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Zorilla now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 100 months in prison.

2. **Legal Standard**

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.* 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

Zorilla's motion fails for two reasons. Although he is a zero-point offender, he is ineligible for relief, and regardless, the application of Amendment 821 would not lower his existing sentence. As noted, the retroactive amendment that the Defendant invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level

reduction in his offense level, if he meets all the following criteria:

"(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]" See id.

Zorilla fails to meet Amendment 821's eligibility requirement (10)—*i.e.*, that he "did not receive an adjustment under §3B1.1 (Aggravating Role)[.]" *See id.* As noted, the Court applied an upward adjustment for Zorilla's role as manager or supervisor.

Furthermore, even if Zorilla was eligible for relief, Zorilla's original Guidelines range was 235 to 293 months of imprisonment. Even with the two-point reduction, his new effective Guidelines range would be 188 to 235 months. Pursuant to the applicable policy statement, the Court cannot reduce a defendant's term of imprisonment below the minimum of the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced.") (cleaned up). The exception to this rule for defendants that have provided substantial assistance to the authorities is inapplicable here. U.S.S.G. § 1B1.10(b)(2)(B).

Zorilla's original sentence was 100 months, so his original sentence is below the bottom of the new Guidelines range and Amendment 821 does not provide relief. Because the application of Amendment 821 would not reduce the Defendant's sentence, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that the Defendant's motion for reduction of sentence is **denied**. (**ECF No. 289**.)

**Done and ordered** at Miami, Florida on April 12, 2024.

_____
Robert N. Scola, Jr.
United States District Judge